# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CHASE M. LENTZ,
            Appellant,

        v.

DEPARTMENT OF THE INTERIOR,
            Agency.

DOCKET NUMBER
SF-4324-15-0225-I-1

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chase M. Lentz, Fresno, California, pro se.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal alleging that the agency violated USERRA when it denied his reasonable accommodation request.  Initial Appeal File (IAF), Tab 1.  It is undisputed that, during the relevant time to this appeal, the appellant was employed as a GS-11 Botanist with the agency's Bureau of Land Management.  IAF, Tab 5, Subtab 4a.  On November 19, 2014, the appellant submitted a reasonable accommodation request asking that the agency place him on administrative leave until all of his discrimination complaints were resolved, remove him from the chain of command of Field Manager J.M., reassign him to another supervisor, allow him to work Saturdays and Sundays, and have all communications from J.M. and supervisor S.A. put in writing and routed through his new supervisor.  *See id*., Subtab 4u.  Associate District Manager D.W. provided the appellant a written statement notifying him that the agency had reasonably accommodated him with leave approval under the Family and Medical Leave Act of 1993 (FMLA) and advising him to submit a new request if he believed he needed additional accommodation.  *See id*., Subtab 4p.  D.W. denied the appellant's subsequent reconsideration request but offered to establish a

telework schedule for him, contingent upon his completing the required training and documentation. D.W. also advised the appellant that an administrative inquiry would be initiated into his hostile work environment claim. *See id*., Subtab 4n. The appellant appealed the denial of his reconsideration request to District Manager N.H. who denied the appeal, finding that the appellant's reasonable accommodation request would cause the agency undue hardship. *Id.*

¶3 Because the appellant did not request a hearing, the administrative judge decided the case on the written record. IAF, Tab 13, Initial Decision (ID) at 1. The administrative judge determined that the appellant had exhausted his administrative remedies with the Department of Labor as it had informed him that it would not be looking into his complaint regarding his alleged denial of his reasonable accommodation request. ID at 5; *see* IAF, Tab 9 at 11. The administrative judge, however, found no evidence that the appellant's prior military service played any role in the agency's decision to deny his reasonable accommodation request, and thus, he failed to prove by preponderant evidence that his prior military service was a substantial or motivating factor in the agency's decision to deny his reasonable accommodation request. ID at 7-8. In addition, the administrative judge found that, even assuming that the appellant had met his burden of proof, the agency proved that it nevertheless would have taken the same actions for the reasons set forth in its various responses to his reasonable accommodation request. ID at 8.

¶4 Regarding the appellant's allegation that the agency's denial of his reasonable accommodation request constitutes an act of retaliation for his pursuit of a USERRA claim, the administrative judge found that, while the appellant made nonfrivolous allegations sufficient to establish Board jurisdiction over his retaliation claim, the appellant failed to prove that his engaging in protected activity under USERRA was a substantial or motivating factor in the agency's decision to deny his reasonable accommodation request. ID at 9. The administrative judge found further that, even if the appellant proved that his

protected USERRA activity was a substantial motivating factor in the agency's decision, he nevertheless would have found that the agency proved that it nevertheless would have taken the same action for the reasons set forth in its responses to his reasonable accommodation request. Finally, the administrative judge found that, absent an otherwise appealable action, the Board does not have jurisdiction over the appellant's claims that the agency denied reasonable accommodation requests due to his race, color, handicap, and retaliation for prior EEO activity. Thus, the administrative judge denied the appellant's request for corrective action under USERRA. The appellant has filed a petition for review challenging the administrative judge's findings and determinations. Petition for Review (PFR) File, Tab 1.

¶5 In USERRA actions, an individual initially must show by preponderant evidence that the individual's military status was at least a motivating or substantial factor in the agency action, upon which the agency must prove, also by preponderant evidence, that the action would have been taken for a valid reason despite the protected status. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013-15 (Fed. Cir. 2001). Under 38 U.S.C. § 4311, military service is a motivating factor for an employment action if the employer "relied on, took into account, considered, or conditioned its decision" on the employee's military-related absence or obligation. *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).

¶6 Here, the administrative judge correctly determined that the appellant presented no evidence to show that his military service was a motivating factor in the denial of his request reasonable accommodation request. ID at 7-8. The agency's decision to deny the appellant's request was based, inter alia, on work assignments, the fact that he encumbered the only Botanist position that performed essential and specific skills for the interdisciplinary team, the agency's need for regular communication and coordination essential to field office work assignments, the chilling effect the accommodations would have on the function

and accomplishments of the interdisciplinary team, and the costs associated with bringing in additional help to provide the specific expertise that the appellant was hired to provide but could not if he were on administrative leave. IAF, Tab 5, Subtab 4c. In contrast, and as the administrative judge correctly found, the appellant has made no showing of any temporal proximity between his military activity and the agency's decision to deny him his requested accommodation. ID at 7. Indeed, the appellant has not even identified his military activity, when he was in the armed services, or when he last served. Nor has he provided any evidence of hostility by agency officials towards individuals who have performed in the uniformed services. Thus, while the appellant continues to challenge the agency's reasons behind the denial of his accommodation requests, he has provided no evidence or any specific argument showing that his prior military service played any role in the agency's decision to deny those requests. Accordingly, we find that the appellant failed to meet his burden of proving, by preponderant evidence, that his military status was a motivating factor in the agency's decision to deny his reasonable accommodations request. *See Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 11 (2006). Moreover, even if the appellant had met his initial burden in this regard, the evidence shows that the agency has met its burden of showing that it would have taken the same action for the valid reasons explained in its various responses to his reasonable accommodation request, irrespective of the appellant's military status. IAF, Tab 5, Subtabs 4c, 4n, 4p.

¶7        The appellant also reasserts his claim that the agency's denial of his reasonable accommodation request constitutes discrimination. PFR File, Tab 1. The Board has held that, to establish USERRA discrimination, an appellant must show that he was treated more harshly than nonveterans. *See Strausbaugh v. Government Printing Office*, 117 M.S.P.R. 566, ¶ 13 (2012). Here, however, the appellant does not claim that he was treated more harshly than nonveterans, and there is no evidence in the record to support such a finding. Thus, based on the

written record, we find no error in the administrative judge's determination that the appellant failed to establish discrimination based on his military service because he made no showing that similarly situated nonveterans requested and were granted reasonable accommodations under comparable circumstances. To the extent the appellant may be arguing that he was discriminated against based on a disability arising from his military service, the administrative judge correctly found that such a claim is not cognizable under USERRA. *See Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 22 (2013).

¶8      Additionally, the appellant challenges the administrative judge's credibility determinations for several of the agency witnesses and he asserts that the administrative judge failed to address the evidence that shows portions of their testimony were false. PFR File, Tab 1. Even though the appellant disagrees with the administrative judge's credibility findings and weighing of the evidence, the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. Consequently, we discern no reason to re-weigh the evidence or substitute the Board's own judgment on credibility issues. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶9      Finally, the appellant asserts that he has submitted new evidence he obtained during discovery in a separate appeal he had pending before the Board, and that these documents provide additional justification for his petition for review.[2] PFR File, Tab 1 at 4, 11-27. The documents he has attached to his petition include an interrogatory discovery request and the agency response, notes from a November 26 meeting with the appellant, an email dated November 21, 2013, a workweek request form dated July 2013, and emails dated

---

[2] The initial decision in *Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-15-0215-I-1 (Initial Decision, Apr. 27, 2015), became the final decision when neither party filed a petition for review.

December 2014. PFR File, Tab 1 at 11-27. The appellant has not explained, however, how these documents would warrant a different outcome. PFR File, Tab 1 at 4.

¶10     Furthermore, even though the interrogatory discovery request and agency response to that request are dated after the close of the record on review, the information contained within those documents concern the appellant's prior disciplinary record involving misconduct that occurred prior to the close of the record on review. PFR File, Tab 1. However, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). In this case, the information in the documents is not new. The appellant's remaining documents are dated prior to the close of the record, and he has made no showing that these documents were unavailable before the record closed despite his due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Moreover, even if the Board were to consider any of the documents submitted for a first time on review as "new," the information contained in them is not material because it does not warrant a different outcome. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Accordingly, we find that the administrative judge correctly denied the appellant's request for corrective action under USERRA.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:     _____
            William D. Spencer
            Clerk of the Board

Washington, D.C.